UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ERIC LEON CHRISTIAN, | ) |
|     Plaintiff, | ) Case No. 2:14-cv-01151-RFB-GWF |
| vs. | ) **ORDER** |
| UNITED STATES OF AMERICA, et al., | ) |
|     Defendants. | ) Application to Proceed *in Forma Pauperis* (#1); Motion for the Court to Take Notice (#2) |

    This matter comes before the Court on Plaintiff's Application to Proceed in Forma Pauperis (#1), filed on July 14, 2014. Plaintiff Christian also filed a Motion for the Court to Take Notice (#2).

**BACKGROUND**

    Plaintiff brings this action pursuant to 18 U.S.C. § 241 for conspiracy against his rights. This case arises from Plaintiff's criminal case in which he was convicted for two counts of transmitting through interstate commerce email communications containing threats to injure the person of another. *See United States v. Christian*, 749 F.3d 806, 808 (9th Cir. 2014); *see also* case 2:09-cr-00303-JCM-VCF. As the Court understands Plaintiff's complaint, he alleges that Judge Mahan, CJA attorney Jess Marchese, the U.S. Marshal's Service, and the U.S. Attorney's Office, all employees of defendant United States of America, conspired against him in keeping him unlawfully imprisoned for 998 days over the sentencing guidelines maximum. *See Dkt. #1-2*. Plaintiff brings this suit for restitution pursuant to the "Mandatory Victim's Restitution Act" for violating his rights under the Speedy Trial Act, causing Plaintiff to serve 44 months for a 13 month sentence. *See Dkt. #1-2*.

1    Based on the record in *United states v. Christian*, case 2:09-cr-00303-JCM-VCF, the
2    underlying case in which the allegedly unconstitutional actions occurred, Magistrate Judge Leavitt
3    ordered Plaintiff, pursuant to 18 U.S.C. § 4241(d), to be committed to a federal medical center for
4    evaluation and treatment until his mental condition improved. *See* Mins. of Proceedings (#70); *see*
5    *also* Order (#75). The trial was continued until such time as Plaintiff was determined competent to
6    stand trial. *Id*. Plaintiff was sent to a federal mental health facility for a period of approximately
7    one year under § 4241. *See Dk*t. *#209* in case 2:09-cr-00303-JCM-VCF. On September 28, 2011,
8    all parties received a sealed report indicating that Plaintiff was competent to stand trial. *See Dkt.*
9    *#89* in case 2:09-cr-00303-JCM-VCF. Thereafter, Magistrate Judge Ferenbach, to whom the case
10   had been reassigned, scheduled a competency hearing wherein Plaintiff was declared competent to
11   stand trial. *See Dkt. #102* in case 2:09-cr-00303-JCM-VCF. The trial was then set for January 9,
12   2012. Ultimately, Plaintiff was found guilty and sentenced to thirteen (13) months per count to run
13   concurrently, with three (3) years of supervised release. *See Dkt. #151*; *see also* Judgment (#152).
14   On April 16, 2012, the probation officer informed the Court that the Plaintiff would not
15   receive credit for his time in the psychiatric facility/federal custody between the period of his arrest
16   on June of 2009 through April 16, 2012. *See Dkt. #209* in case 2:09-cr-00303-JCM-VCF. This
17   was later found to be in error because the Defendant was statutorily entitled to credit under Title 18
18   U.S.C. §§ 4241(e), 3585(a), and 3585(b). *Id*. As a result, after the Bureau of Prisons did its
19   calculations, it gave Plaintiff credit for the entire period between when he was arrested on the
20   Complaint and his sentencing date, and released the defendant immediately into state custody. *Id*.
21   The Plaintiff claimed he had over 900 days of "extra time," to which he was entitled to restitution.
22   *See Dkt. #169* in case 2:09-cr-00303-JCM-VCF. As a result of the Bureau of Prisons' calculations,
23   when the United States Probation Office filed a petition regarding supervised release, this Court
24   terminated supervised release with credit for time served on April 24, 2013. *Id*. At all relevant
25   times during the underlying proceeding, Plaintiff was represented by counsel.
26   Proceeding in *proper person*, Plaintiff requested an extension of time to file a § 2255 Writ
27   of Habeas Corpus, therein alleging he wrongfully "served 3 times the court ordered sentence." *See*
28   *Dkt. #177* in case 2:09-cr-00303-JCM-VCF. In its order denying Plaintiff's motion, the Court

1  indicated that "[o]n March 22, 2013, Christian made his initial appearance before the magistrate on
2  a petition to revoke his supervised release. Based upon the parties' understanding that Christian
3  had served a custodial sentence beyond that which was imposed by the court, the parties agreed to
4  recommend a sentence of credit for time served and terminate any remaining term of supervised
5  release. On April 30, 2013, this court agreed to the parties' recommendation and sentenced
6  Christian to credit for time served with no additional supervision. Christian's case was then
7  internally closed." *See Dkt. # 179* in case 2:09-cr-00303-JCM-VCF. Plaintiff subsequently filed a
8  Motion for Relief for Sentencing Guidelines (#180) and a Motion for Judgement on his motion for
9  relief (#183), therein requesting $10,000,000.00 for the Bureau of Prisons' alleged failure to follow
10 pre-release procedures and for the excessive time served. In denying his motions, the court found
11 that the sentencing guidelines are only advisory and do not set maximum limits. Further, the court
12 found nothing in 18 U.S.C. § 4042 which creates a private right of action for alleged violations of
13 that statute. *See Dkt. #185* in case 2:09-cr-00303-JCM-VCF.
14          Appointed CJA attorney Jess Marchese assisted Plaintiff with his appeal to the Ninth
15 Circuit Court of Appeals on March 19, 2014. The Ninth Circuit vacated Plaintiff's conviction and
16 remanded the case for a new trial, finding that the district court should have allowed Plaintiff's
17 expert, a psychologist who had earlier examined him for competency to stand trial, to testify
18 regarding his diminished capacity defense, and that he was entitled to a jury instruction on
19 diminished capacity even without such expert testimony. *See Dkt. #199, 205* in case 2:09-cr-
20 00303-JCM-VCF. In lieu of setting the case for a new trial, Judge Mahan ordered that the case be
21 dismissed as moot. *See Dkt. #13* in case 2:09-cr-00303-JCM-VCF. Plaintiff subsequently filed a
22 *pro se* Motion for Restitution (#200), which was denied for his failure to bring the motion through
23 his counsel of record. *See Dkt. # 216* in case 2:09-cr-00303-JCM-VCF. The Court subsequently
24 struck two more motions filed by Plaintiff requesting reconsideration of his motion for restitution,
25 therein finding that the form of relief sought, $10,000,000.00, was not available in his criminal
26 proceeding. *See Dkt. #223* in case 2:09-cr-00303-JCM-VCF. On July 8, 2014, Plaintiff filed a
27 Motion for Restitution under the Mandatory Victim Restitution Act (#226). In its order denying
28 Plaintiff's motion, the Court stated that "this is Christian's third attempt at obtaining monetary

3

relief in this criminal action, which is now closed. Christian has been repeatedly instructed by the court that such relief is not available in these proceedings. Accordingly, the court hereby advised Christian that any additional documents filed by him in this closed case will be stricken without consideration." *See Dkt. #227* in case 2:09-cr-00303-JCM-VCF.

Plaintiff then pursued an action pursuant to 42 U.S.C. § 1983, filing his complaint and an application to proceed *in forma pauperis* on August 1, 2013, in case 2:13-cv-01361-MMD-GWF. Therein Plaintiff sought to sue United States District Judge James Mahan and retired United States Magistrate Judge Lawrence Leavitt for official judicial actions taken in his criminal case. *See Dkt. #2* in case 2:13-cv-01361-MMD-CWH. Specifically, Plaintiff argued that Judge Mahan and Magistrate Judge Leavitt acted outside of their jurisdiction by continuing Plaintiff's criminal proceedings and forcing him to undergo pre-trial competency evaluations without his consent after two Magistrates had already found Christian competent to stand trial. *See Dkt. #4* at pg. 4 in case 2:13-cv-01361-MMD-CWH. Plaintiff alleged that the continuance caused him to unconstitutionally serve time in excess of the sentencing guidelines. *See Dkt. #1-2* in case 2:13-cv-01361-MMD-CWH. Plaintiff sought $10,000,000.00 for "being held hostage unlawfully." *Id.*

In her order dismissing Plaintiff's case with prejudice, Judge Du stated that "[w]hile the Court notes there were procedural delays due to competency issues, the Court finds that none of the allegations in the Complaint suggest that Judge Mahan and Judge Leavitt were acting outside of their official capacities" making them immune from damage liability for acts performed in their official capacities. *See* Order (#5) in case 2:13-cv-01361-MMD-CWH. Plaintiff argued that he intended to sue the United States in lieu of the respective judges, however, the Court noted that Plaintiff's Complaint did not allege any theory under which the United States could be held liable for monetary damages. *See* Order (#5) in case 2:13-cv-01361-MMD-CWH.

Plaintiff now brings this action based on facts arising out of the same transaction and occurrence. Plaintiff seeks $10,000,000.00 in restitution against the United States for unlawful imprisonment. *See Dkt. #1-1, 1-2*. Specifically, Plaintiff seeks restitution for Judge Mahan's "erroneous procedural actions", the U.S. Attorneys' Office for filing false documents which led to unlawful imprisonment, the U.S. Marshal's Service for "kidnapping [him] into federal custody on a

federal civil case without [his] consent", and defense attorney Jess Marchese for refusing to file pre-trial motions to dismiss and to suppress evidence. *See Dkt. #1-2*.

## DISCUSSION

### I.     Application to Proceed In Forma Pauperis

Plaintiff filed this instant action and attached a financial affidavit to his application and complaint as required by 28 U.S.C. § 1915(a). Reviewing Plaintiff's financial affidavit pursuant to 28 U.S.C. § 1915, the Court finds that he is unable to pre-pay the filing fee. As a result, Plaintiff's request to proceed in forma pauperis in federal court is granted. Mr. Christian also filed a Motion for the Court to Take Notice (#2), therein requesting permission to proceed *in form pauperis* based on a grant of leave to proceed *in forma pauperis* in a prior case. Plaintiff's Motion (#2) is moot because the Court is permitting him to proceed in this action *in forma pauperis*.

### II.    Screening the Complaint

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a Defendant/Third Party Plaintiff who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

### III. Instant Complaint

Plaintiff moves this Court for restitution pursuant to 18 U.S.C. § 241 for conspiracy against his rights and pursuant to the Mandatory Victim's Restitution Act, 18 U.S.C. § 3663A.

#### 1. Mandatory Victim's Restitution Act

The Mandatory Victim's Restitution Act provides for mandatory restitution to victims of certain crimes. The statute states:

> [n]otwithstanding any other provision of law, when sentencing a defendant convicted of an offense described in subsection (c), the court shall order, in addition to, or in the case of a misdemeanor, in addition to or in lieu of, any other penalty authorized by law, that the defendant make restitution to the victim of the offense or, if the victim is deceased, to the victim's estate.

18 U.S.C. § 3663A(a)(1).

Here, Plaintiff fails to show that he is the victim of a crime entitled to relief pursuant to the Mandatory Victim's Restitution Act. None of the named defendants were convicted of an offense, therefore, Plaintiff is not entitled to relief under the Mandatory Victim's Restitution Act.

#### 2. 18 U.S.C. § 241 Conspiracy against rights

Title 18 of the United States Code codifies statutory crimes and criminal procedure. Therefore, unless the criminal statute provides a private right of action, violations of Title 18 are properly brought by the government through criminal proceedings rather than by individuals through civil actions. *See Abou-Hussein v. Gates*, 657 F.Supp.2d 77, 79 (D.D.C. 2009) (allegations in action alleging that Government officials attempted to frame plaintiff for espionage, that officials violated criminal statutes prohibiting fraud or false statements and civil rights conspiracy failed to state a claim upon which relief could be granted; statutes prohibiting those offenses did not expressly create a private right of action); *see also Prunte v. Universal Music Group*, 484 F.Supp.2d 32, 42 (D.D.C. 2007) (noting that the Supreme Court has refused to imply a private right of action in a bare criminal statute). Section 241 of Title 18 states:

> [i]f two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same; or
>
> . . .

> [i]f two or more persons go in disguise on the highway, or on the premises of another, with intent to prevent or hinder his free exercise or enjoyment of any right or privilege so secured–
>
> [t]hey shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse or an attempt to commit aggravated sexual abuse, or an attempt to kill, they shall be fined under this title or imprisoned for any term of years or for life, or both, or may be sentenced to death.

18 U.S.C. § 241

Here, 18 U.S.C. § 241 is a criminal statute that does not provide a private right of action. *See United States v. Philadelphia*, 482 F.Supp. 1248 (E.D. Pa. 1979), aff'd 644 F.2d 187 (3d Cir. 1980) (finding that 18 U.S.C. §§ 241 and 242 create criminal penalties for deprivations of constitutional rights, effected by means of conspiracy or under color of state law. On their face, these sections neither authorize any civil suit nor create any civil liability). Therefore, Plaintiff is not permitted to proceed in a civil action on his § 241 conspiracy against rights claim.

**3.     Sovereign Immunity**

The United States as a sovereign is immune from suit unless it consents to being sued. *See United States v. Mitchell*, 445 U.S. 535, 538 (1980). A waiver of sovereign immunity cannot be implied but must be unequivocally expressed. *Id.* The United States Supreme Court in *Price v. United States*, 174 U.S. 373, 375-76 (1899) observed that "[t]he United States cannot be sued in their courts without their consent, and, in granting such consent, congress has an absolute discretion to specify the cases and contingencies in which the liability of the government is submitted to the courts for judicial determination. Beyond the letter of such consent the courts may not go, no matter how beneficial they may deem, or in fact might be, their possession of a larger jurisdiction over the liabilities of the government."

Here, Plaintiff's complaint fails to allege any theory under which the United States could be held liable for monetary damages. Therefore, the Court will dismiss Plaintiff's Complaint with leave to amend to give the Plaintiff an opportunity to allege an appropriate cause of action under federal law. Accordingly,

. . .

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed In Forma Pauperis is **granted**. Plaintiff shall not be required to pre-pay the full filing fee of three hundred fifty dollars ($350.00).

**IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file Plaintiff's Complaint (#1-2).

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Take Notice (#2) is **denied** as moot.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is **dismissed**, without prejudice, with leave to amend in accordance with the discussion above. Plaintiff shall have until **September 1, 2014** to file an amended complaint. Failure to do so will result in a recommendation that this action be dismissed with prejudice.

DATED this 1st day of August, 2014.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge