1
2
3
4                **UNITED STATES DISTRICT COURT**
5                     **DISTRICT OF NEVADA**
6

7    ERIC LEON CHRISTIAN,                    )
8                    Plaintiff,              )        Case No. 2:14-cv-01151-RFB-GWF
                                             )
9    vs.                                     )        **ORDER**
                                             )
10   UNITED STATES OF AMERICA, et al.,       )
                                             )        Amended Complaint (#7)
11                   Defendants.             )
                                             )
12   ─────────────────────────────────────

13         This matter comes before the Court on the screening of Plaintiff's Amended Complaint

14   (#7), filed on August 7, 2014.

15                          **BACKGROUND**

16         Plaintiff initially brought this action pursuant to 18 U.S.C. § 241 for conspiracy against his

17   rights. This case arises from Plaintiff's criminal case in which he was convicted for two counts of

18   transmitting through interstate commerce email communications containing threats to injure the

19   person of another. *See United States v. Christian*, 749 F.3d 806, 808 (9th Cir. 2014); *see also* case

20   #2:09-cr-00303-JCM-VCF. As the Court understood Plaintiff's complaint, he alleged that Judge

21   Mahan, CJA attorney Jess Marchese, the U.S. Marshal's Service, and the U.S. Attorney's Office,

22   all employees of defendant United States of America, conspired against him by keeping him

23   unlawfully imprisoned for 998 days over the sentencing guidelines maximum. *See Dkt. #1-2*.

24   Plaintiff initially brought this suit for restitution pursuant to the "Mandatory Victim's Restitution

25   Act" for causing Plaintiff to serve 44 months for a 13 month sentence. The Court dismissed

26   Plaintiff's claims without prejudice, however, for failing to allege any theory under which the

27   United States could be held liable for monetary damages. The Court granted Plaintiff leave to

28   amend his complaint to allege an enforceable cause of action.

On August 7, 2014, Plaintiff filed his Amended Complaint (#7), which does not plead facts similar to his initial complaint.  Instead, Plaintiff alleges a cause of action against the United States under the Federal Torts Claim Act for Defamation and Trade Defamation.  Specifically, Plaintiff alleges that Las Vegas Metropolitan Police Officer Eric Honea falsely identified him as the owner of an email address without first meeting and speaking with him in person, which Plaintiff argues is required pursuant to case law, "227 F.2d 864".  Plaintiff alleges that he was subsequently taken into custody unconstitutionally "creating a case that is the fruit of a poisonous tree".  Plaintiff further alleges that he was appointed incompetent representation who falsely informed the Court that Plaintiff did not understand his case, which led to the Court eventually granting a continuation so that Plaintiff could receive a mental health evaluation.  Plaintiff now requests that the Court correct both the defamation and trade defamation caused by "this unnecessary case".

## DISCUSSION

### I.   Screening the Complaint

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(e).  Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant/third party plaintiff who is immune from such relief.  28 U.S.C. § 1915(e)(2).  A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).  A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989).  Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by

1    amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

2         Defamation is a publication of a false statement of fact.  *See Pegasus v. Reno Newspapers,*

3    *Inc.,* 118 Nev. 706, 57 P.3d 82, 87 (2002).  Under Nevada law, to establish a prima facie case of

4    defamation, a plaintiff must prove: (1) a false and defamatory statement by defendant concerning

5    plaintiff; (2) an unprivileged publication to a third person; (3) fault, amounting to at least

6    negligence; and (4) actual or presumed damages.  *See Wynn v. Smith*, 117 Nev. 6, 16 P.3d 424, 427

7    (2001); *see also Flowers v. Carville*, 266 F.Supp.2d 1245, 1251 (D.Nev. 2003).  Absolute privilege

8    exempts persons from liability for potentially defamatory statements made during judicial

9    proceedings.  *See Circus Circus Hotels v. Witherspoon*, 99 Nev. 56, 657 P.2d 101, 104 (1983); *see*

10   *also Chachas v. City of Ely, Nev.*, 615 F.Supp.2d 1193, 1210 (D.Nev. 2009).

11        Here,  Plaintiff failed to plead facts to state a claim for defamation.  Possibly Plaintiff is

12   alleging that his defense counsel's false statements to the Court that Plaintiff did not understand his

13   case, and the Court's subsequent order to continue the trial pending Plaintiff's mental health

14   evaluation, constituted defamation.  Local Rule 15-1 requires that an amended complaint be

15   complete in itself without reference to any prior pleading.  This is because, as a general rule, an

16   amended complaint supercedes the original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.

17   1967). The Court therefore may not assume facts alleged in Plaintiff's initial complaint that were

18   not properly plead in Plaintiff's amended complaint.  Furthermore, such statements were made

19   during judicial proceedings and are therefore exempted from a claim of defamation due to absolute

20   privilege.  Plaintiff's Amended Complaint therefore fails to state a claim upon which relief can be

21   granted.

22        The Court will dismiss Plaintiff's Amended Complaint with leave to amend to give the

23   Plaintiff an opportunity to allege an appropriate cause of action.  In the event Plaintiff elects to

24   proceed in this matter by filing an amended complaint, he is informed that the Court cannot refer to

25   a prior pleading to make his amended complaint complete.  Local Rule 15-1 requires that an

26   amended complaint be complete in itself without reference to any prior pleading.  This is because,

27   as a general rule, an amended complaint supercedes the original complaint.  *See Loux v. Rhay*, 375

28   F.2d 55, 57 (9th Cir. 1967).  Once Plaintiff files an amended complaint, as in an original complaint,

each claim and the involvement of each defendant must be sufficiently alleged.  Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Amended Complaint (#7) be **dismissed**, without prejudice, with leave to amend in accordance with the discussion above.  Plaintiff shall have until **September 15, 2014** to file an amended complaint.  Failure to do so may result in the dismissal of this action.

DATED this 15th day of August, 2014.

GEORGE FOLEY, JR.
United States Magistrate Judge

4