1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ERIC LEON CHRISTIAN, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Defendants. )<br>_____ ) | Case No. 2:14-cv-01151-RFB-GWF<br><br>**ORDER**<br><br>Request for Court Entry of<br>Out-of-Court Settlement (#11) |

This matter is before the Court on Plaintiff's Request for Court Entry of Out-of-Court Settlement (#11), filed on September 16, 2014.

Plaintiff initially brought a *pro se* action pursuant to 18 U.S.C. § 241 for conspiracy against his rights. *See Dkt. #1*. As the Court understood Plaintiff's complaint, he alleged that Judge Mahan, CJA attorney Jess Marchese, the U.S. Marshal's Service, and the U.S. Attorney's Office, all employees of defendant United States of America, conspired against him in keeping him unlawfully imprisoned for 998 days over the sentencing guidelines maximum. *See Dkt. #1-2*. The Court granted Plaintiff's application to proceed *in forma pauperis* but dismissed his complaint without prejudice for failing to allege any theory under which the United States could be held liable for monetary damages. *See Dkt. #3*. The Court granted Plaintiff leave to amend his complaint to allege an enforceable cause of action. On August 7, 2014, Plaintiff filed his Amended Complaint (#7), therein failing to plead similar facts from his initial complaint that the Court kept him unlawfully imprisoned for 998 days over the sentencing guidelines. The Court subsequently dismissed Plaintiff's complaint with leave to amend. *See Dkt. #8*. On September 12, 2014, Plaintiff filed his second amended complaint, which must be screened by the Court pursuant to

28 U.S.C. § 1915(e) prior to permitting Plaintiff to proceed with his claim.  *See Dkt. #10*.  Plaintiff subsequently filed the present request for the court to enter an of out-of-court settlement.  *See Dkt. #11*.  Plaintiff alleges that the U.S. Marshal's Service in Las Vegas verbally agreed to settle the matter for $500,000.00, which Plaintiff "upped to $1,000,000.00 for slow pay out."  *See Dkt. #11*.

Rule 12(f) of the Federal Rules of Civil Procedure provides that "[t]he Court may strike from a filing any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Generally, motions to strike allegedly redundant, immaterial, impertinent, or scandalous matter are not favored.  *Id*.  Furthermore, a matter will not be stricken unless it is clear it can have no possible bearing upon the subject matter of the litigation.  *Id*.  If there is any doubt as to whether under any contingency the matter may raise an issue, the motion may be denied.  *Id*.

Here, Plaintiff's request is premature in this instance because his second amended complaint has not yet been screened by the Court.  Because Plaintiff has not sufficiently plead a cause of action on which he has been permitted to proceed, it is unclear whether Plaintiff's alleged "settlement agreement" is applicable to these proceedings.  The Court therefore must strike Plaintiff's motion as immaterial at this time.  Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Request for Court Entry of Out-of-Court Settlement (#11) is **denied**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall **strike** Plaintiff's Request for Court Entry of Out-of-Court Settlement from the record.

DATED this 19th day of September, 2014.

GEORGE FOLEY, JR.
United States Magistrate Judge

2