UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ERIC LEON CHRISTIAN, | )<br>) |
| Plaintiff, | )<br>) Case No. 2:14-cv-01151-RFB-GWF |
| vs. | )<br>) **FINDINGS AND** |
| UNITED STATES OF AMERICA, | ) **RECOMMENDATION**<br>) |
| Defendant. | )<br>) |

This matter is before the Court on Plaintiff's Second Amended Complaint (#9), filed on September 9, 2014.

### **Background**

Plaintiff brings this action pursuant to 18 U.S.C. § 241 for conspiracy. The case arises from the Plaintiff's criminal case in which he was convicted of two counts of transmitting through interstate commerce email communications containing threats to injure the person of another. *See United States v. Christian*, 749 F.3d 806, 808 (9th Cir. 2014); *see also* case #2:09-cr-00303-JCM-VCF. Plaintiff alleges that Judge Mahan, CJA attorney Jess Marchese, the U.S. Marshals Service, and the U.S. Attorney's Office, all employees of Defendant United States of America, conspired against him by keeping him unlawfully imprisoned beyond the sentencing guidelines maximum. (#1-2). In his first complaint, Plaintiff brought his suit for restitution pursuant to the Mandatory Victim's Restitution Act. *Id.* That complaint did not allege any theory under which the United States could be found liable and was dismissed with leave to amend.

Plaintiff filed an Amended Complaint (#7) on August 7, 2014. This complaint pled different facts and different legal theories. There, Plaintiff brought suit under the Federal Torts

Claim Act for Defamation and Trade Defamation. The Amended Complaint was unclear, and Plaintiff did not plead facts sufficient to state a case for defamation or trade defamation. The Amended Complaint was also dismissed with leave to amend. (#8).

Plaintiff filed his Second Amended Complaint (#9) on September 5, 2014. This time, Plaintiff claims that Judge James Mahan, the United States Attorney's Office, and the United States Marshal Service conspired against him based on the testimony of Las Vegas Metropolitan Police Officer Eric Honea in violation of 42 U.S.C. § 1983. The conspiracy was intended to violate the Plaintiff's right to have a career as an artist. Plaintiff requests that the Court award damages to compensate him for 44 unjustified months in custody.

## DISCUSSION

### I.     Screening the Complaint

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant/third party plaintiff who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

. . .

1   The Court shall liberally construe a complaint by a pro se litigant. *Eldridge v. Block*, 832
2   F.2d 1132, 1137 (9th Cir. 2007). This is especially important for civil rights complaints. *Ferdik v.*
3   *Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). However, a liberal construction may not be used to
4   supply an essential element of the claim absent from the complaint. *Bruns v. Nat'l Credit Union*
5   *Admin.*, 12 F.3d 1251, 1257 (9th Cir. 1997) *quoting Ivey v. Board of Regents*, 673 F.2d 266, 268
6   (9th Cir. 1982).

7   A § 1983 action provides a remedy for those whose civil rights were violated by those
8   acting under the color of state law. Proper pleading of this claim requires the Plaintiff to show "(1)
9   a violation of rights protected by the Constitution or created by federal statute, (2) proximately
10  caused (3) by conduct of a 'person' (4) acting under color of state law." *Crumpton v. Gates*, 947
11  F.2d 1418, 1420 (9th Cir. 1991). A § 1983 claim may be brought against a federal official if that
12  official did "conspire with or participate in concert with state officials, who, under color of state
13  law, act to deprive a person of protected rights." *Scott v. Rosenberg*, 702 F.2d 1263, 1269 (9th Cir.
14  1983). To find a federal official acted under the color of state law in a conspiracy, there must be a
15  "symbiotic relationship between the [federal defendants] and the state such that the challenged
16  action can be fairly attributed to the state." *Cabrera v. Martin*, 973 F.2d 735, 742-743 (9th Cir.
17  1992) *quoting Johnson v. Orr*, 780 F.2d 386, 390 (3rd Cir. 1986). The federal agents must be
18  substantial participants in the challenged activity to act under the color of state law. *See Gibson v.*
19  *U.S.*, 781 F.2d 1334, 1343 (9th Cir. 1986); *Green v. Dumke*, 480 F.2d 624, 639 (9th Cir. 1982).
20  Mere conclusory allegations are insufficient to state a claim of conspiracy. *See Simmons v.*
21  *Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003); *Price v. Hawaii*, 939
22  F.2d 702, 708 (9th Cir. 1991); *Jones v. Community Redevelopment Agency of City of Los Angeles*,
23  733 F.2d 646, 649 (9th Cir. 1984).

24  The Plaintiff contends that the United States of America conspired against him through
25  Judge James Mahan of the U.S. District Court for the District of Nevada, the United States
26  Attorney's Office, and the United States Marshal Service Las Vegas Office. Together, these offices
27  and officials acted to violate the Plaintiff's right to earn a living as an artist.
28  . . .

1    Plaintiff alleges that the conspiracy began in this case when the United States Attorneys
2    Office, along with Las Vegas Metropolitan Police Officer Eric Honea, interviewed the Plaintiff
3    without an attorney and without a signed waiver of the Plaintiff's rights.  The Plaintiff also alleges
4    that Officer Honea convinced the US Attorney to use evidence of a Facebook page against the
5    Plaintiff in his criminal trial.  The Plaintiff denies that the Facebook page belongs to him.  This led
6    to the Plaintiff being arrested by state police officers in the presence of the United States Marshals
7    Office, and brought before Judge James Mahan on criminal charges.  During the proceedings,
8    Judge Mahan ordered the Plaintiff to undergo competency evaluations, which resulted in his
9    detention for mental illness treatment.  The Plaintiff denies having or ever previously having any
10   mental illness.  The Plaintiff was then found guilty and detained  for a total of 44 months before his
11   conviction was overturned by the Ninth Circuit.

12   These allegations are insufficient to sustain a claim of conspiracy.  The Plaintiff's complaint
13   contains solely conclusory statements that cannot support his claim.  *See Simmons*, 318 F.3d at
14   1161.  He offers no evidence of an agreement between Judge Mahan, the U.S. Attorney's Office,
15   the U.S. Marshal Service, and LVMPD Officer Honea, but only speculation that such a conspiracy
16   existed.  The Plaintiff claims Judge Mahan deliberately ignored proper procedure in the Courtroom
17   in an effort to deprive the Plaintiff of his right to make a living.  The Plaintiff claims that the US
18   Attorney's Office took part in the conspiracy "by having the FBI interview him without an attorney
19   present or a waiver of right signature from Christian."  The U.S. Attorney's Office further
20   conspired against the Plaintiff by using an allegedly false statement from Officer Honea in the
21   Plaintiff's criminal trial.  Finally, the U.S. Marshal Service is part of the conspiracy for not paying
22   out an out of court settlement.  These are individual actions by a variety of actors, and the Plaintiff
23   presents no evidence to bring them together as one conspiracy against him.  A conspiracy may not
24   be made up of merely conclusory allegations; instead, a claim must be supported by facts and
25   alleged with at least some degree of particularity.  *See Jones*, 733 F.2d at 649.  There are no
26   supporting facts offered by the Plaintiff, and there is no evidence that a conspiracy ever occurred.
27   Furthermore, even if the Plaintiff was able to properly state a claim of conspiracy, his §
28   1983 claim would fail because the Defendants are not state actors.  Plaintiff's suit generally names

Judge James Mahan, the United States Attorney's Office and Assistant United States Attorney Peter Leavitt, and the U.S. Marshal Service and Marshal Christopher Hoye as the actors in this conspiracy. All of these alleged conspirators are employed by the federal government and generally act under the color of federal law. Based on the facts pled by the Plaintiff, there is no evidence of a conspiracy between these officers and LVMPD Officer Honea to deprive the Plaintiff of his rights. The facts do not reveal a sufficient relationship between these actors that would allow the actions of the federal actors to be fairly attributed to the State. *See Cabrera*, 973 F.2d at 742-743. As discussed above, the Plaintiff's conclusory accusations are insufficient to sustain a conspiracy claim.

Even if the Court were to overlook the severe factual shortcomings of the complaint and find that the federal officials were state actors, two of the federal officials would still be immune to suit. Judicial immunity in suits for damages is well established. *See Miller v. Davis*, 521 F.3d 1142 (9th Cir. 2008); *Ashelman v. Pope*, 793 F.2d 1072 (9th Cir. 1986); *Richardson v. Koshiba*, 693 F.2d 911 (9th Cir. 1982). Judge Mahan could, however, be sued for damages under § 1983 if he acted in the clear absence of all jurisdiction or performed an act that is not judicial in nature. *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988). Here, the actions alleged by the Plaintiff are well within Judge Mahan's jurisdiction. As the trial judge in the Plaintiff's case, part of Judge Mahan's job was to determine the admissibility of evidence. The fact that the Ninth Circuit overruled his decision to preclude a defense expert's testimony does not remove his decision from the protection of judicial immunity.

Likewise, the Plaintiff may not bring suit against the United States Attorney's Office due to prosecutorial immunity. Specifically, the Plaintiff names Peter Leavitt of the US Attorney's Office as the individual responsible for filing a false document as part of the conspiracy against the Plaintiff. The Plaintiff provides no evidence to suggest this was anything more than the act of a prosecutor trying a criminal case. No evidence is presented as to the contents of the document, why they were false, how the Plaintiff knows they were false, and why this filing is related to the alleged conspiracy. The screening of the complaint reveals nothing more than a prosecutor filing a document in connection with a criminal case. When a prosecutor's activities are intimately

associated with the judicial phase of the criminal process, absolute immunity will apply with full force. *See Imbler v. Pachtman*, 424 U.S. 409, 432 (1976); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986). Mr. Leavitt and the U.S. Attorney's Office are protected by prosecutorial immunity.

This is the Plaintiff's third attempt to bring his claims against the United States. Though all three complaints have been based on the same events, he has pled a different case in each complaint. The Plaintiff has attempted to plead the Mandatory Victim's Restitution Act, defamation, trade defamation, and conspiracy. The facts have been nearly identical in all three complaints, but the Plaintiff has failed to properly tie the law to the facts and plead his claim. The Court finds it unlikely that the Plaintiff will ever be able to properly plead his claim, and will recommend the complaint be dismissed with prejudice. Accordingly,

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the Plaintiff's Second Amended Complaint (#9) be **dismissed with prejudice.**

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 7th day of January, 2015.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge