# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ERIC LEON CHRISTIAN,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Defendant. | Case No. 2:14-cv-01151-RFB-GWF<br><br>**ORDER ADOPTING REPORT & RECOMMENDATION OF MAGISTRATE JUDGE GEORGE FOLEY, JR.** |

## I.    INTRODUCTION

Before the Court for consideration is the Report and Recommendation of the Honorable George Foley, Jr., United States Magistrate Judge, entered January 7, 2015 (ECF No. 16), that the Plaintiff's Second Amended Complaint (ECF No. 9) be dismissed with prejudice. Plaintiff Eric Christian filed objections to the Report and Recommendation (ECF No. 17). The Court has conducted a *de novo* review of the record and, as set forth below, adopts the Report and Recommendation and dismisses the action with prejudice.

## II.    BACKGROUND

Plaintiff brings this action pursuant to 18 U.S.C. § 241 for conspiracy. The case arises from the Plaintiff's criminal case in which he was convicted of two counts of transmitting through interstate commerce email communications containing threats to injure the person of another. See United States v. Christian, 749 F.3d 806, 808 (9th Cir. 2014); see also case #2:09-cr-00303-JCMVCF. Plaintiff alleges that Judge Mahan, CJA attorney Jess Marchese, the U.S. Marshals Service, and the U.S. Attorney's Office, all employees of Defendant United States of America, conspired against him by keeping him unlawfully imprisoned beyond the sentencing

1  guidelines maximum. ECF Nos. 1-2.

2      Plaintiff filed his Complaint on July 14, 2014. ECF No. 1. He filed an Amended Complaint on August 7, 2014. ECF No. 7. Plaintiff filed a Second Amended Complaint on September 5, 2014. ECF No. 9.

    Plaintiff filed a Motion for Summary Judgment on September 19, 2014. ECF No. 13. He filed a Motion for Default Judgment on December 1, 2014. ECF No. 14.

    After Judge Foley submitted his Report and Recommendation (ECF No. 16) to this Court on January 7, 2015, Plaintiff filed an Objection (ECF No. 17) on January 15, 2015.

    Plaintiff then filed a notice of appeal with the Ninth Circuit on August 3, 2015. ECF No. 19. On September 16, 2015, the Ninth Circuit dismissed Plaintiff's Notice of Appeal for lack of jurisdiction because the order challenged is not final or appealable. ECF No. 21.

### III.    LEGAL STANDARD

    A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). A party may file specific written objections to the findings and recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Local Rule IB 3-2(a). When written objections have been filed, the district court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Local Rule IB 3-2(b). Where a party fails to object, however, a district court is not required to conduct "any review," *de novo* or otherwise, of the report and recommendations of a magistrate judge. Thomas v. Arn, 474 U.S. 140, 149 (1985).

    Here, an objection has been filed to the Report and Recommendation which recommended dismissing the Second Amended Complaint. Accordingly, the Court will conduct a *de novo* review.

### IV.    DISCUSSION

    The Court has conducted a *de novo* review of the filings in this case. In the Report and

Recommendation, Judge Foley states three reasons to dismiss the Second Amended Complaint with prejudice. First, Judge Foley finds that the Second Amended Complaint fails to allege supporting facts of a conspiracy. Second, Judge Foley finds that even if the Plaintiff stated a claim for conspiracy, his Section 1983 claim would fail because the Defendants are not state actors and their actions, based upon the evidence in the case, cannot be attributed to the state. Scott v. Rosenberg, 702 F.2d 1263, 1269 (9th Cir. 1983). Third, two of the federal officials would be immunized by judicial and prosecutorial immunity where the actions alleged by Plaintiff are within Judge Mahan's jurisdiction and the United States Attorney's Office activities associated with the judicial phase of the criminal process. See Miller v. Davis, 521 F.3d 1142, 1145 (9th Cir. 2008); Imbler v. Pachtman, 424 U.S. 409, 424-29 (1976).

The Court has read Plaintiff's Objection and finds that it is unresponsive to the Report and Recommendation by Judge Foley. Plaintiff does not provide any argument against Judge Foley's bases for dismissing his Complaint with prejudice.

The Court finds that the record supports the Report and Recommendation and therefore adopts it in full. Further, the Court finds there may be an additional basis for dismissal under Heck v. Humphrey, given that the current action appears to directly challenge the fact and related confinement of the Plaintiff's his criminal conviction. 512 U.S. 477, 486-87 (1994); see Edwards v. Balisok, 520 U.S. 641, 648 (1997). However, the Court declines to determine whether Heck applies, given its adoption of Judge Foley's Report and Recommendation, which provides several bases for dismissal.

V.   **CONCLUSION**

**IT IS HEREBY ORDERED** that the Report and Recommendation (ECF No. 16) is ADOPTED in full.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (ECF No. 13) is DENIED as moot.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Default Judgment (ECF No. 14) is DENIED as moot.

1
2   DATED this 29th day of December, 2015.



3   _____
4   **RICHARD F. BOULWARE, II**
    **UNITED STATES DISTRICT JUDGE**
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28